UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAREN D. K., | ) | NO. ED CV 22-1694-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

**PROCEEDINGS**

Plaintiff commenced this action on September 27, 2022, seeking review of the Commissioner's denial of disability benefits. The parties subsequently consented to proceed before a United States Magistrate Judge. See Statements of Consent, filed October 14, 2022 and October 19, 2022.

On October 6, 2023, the parties filed a "Joint Submission," which contains their briefing of the disputed issues. The Court has taken the matter under submission without oral argument.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability based on physical impairments (Administrative Record ("A.R.") 184-87, 209). As amended, Plaintiff's alleged disability onset date was no earlier than April 5, 2019 (A.R. 39-40 (during the administrative hearing, counsel for Plaintiff amended the alleged onset date to April 5, 2019); see A.R. 264 (in a subsequent letter to the Appeals Council, counsel for Plaintiff referenced having "submitted a notice amending the claimant's alleged onset date to May 22, 2020")). Plaintiff met the insured status requirements only through September 30, 2020 (see A.R. 22).

An Administrative Law Judge ("ALJ") examined the record and heard testimony from Plaintiff and a vocational expert (A.R. 11-506). The ALJ found Plaintiff had severe "degenerative disc disease (DDD), radiculopathy, and peripheral neuropathy" (A.R. 22). The ALJ further found that, through September 30, 2020, Plaintiff retained the residual functional capacity to perform light work with certain additional limitations (A.R. 24). In so finding, the ALJ discounted Plaintiff's subjective complaints regarding assertedly more profound limitations (A.R. 24-28).

The ALJ vocational expert testified that a person having the residual functional capacity the ALJ found to exist could perform certain jobs existing in significant numbers in the national economy (A.R. 48-50). In reliance on this testimony, the ALJ found Plaintiff not disabled (A.R. 29-30). The Appeals Council denied review (A.R. 5-7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Comm'r, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

///
///
///
///

3

**DISCUSSION**

After consideration of the record as a whole, the Court has concluded that judgment should be entered in favor of Defendant and this action should be dismissed with prejudice. The Administration's findings are supported by substantial evidence and are free from material[1] legal error. Plaintiff's contrary arguments are unavailing.

## I. Substantial Evidence Supports the ALJ's Conclusion that Plaintiff was Not Disabled During the Relevant Time Period.

Substantial evidence supports the ALJ's ultimate conclusion. Apart from Plaintiff's subjective complaints, little record evidence suggests that Plaintiff's impairments deprived Plaintiff of the capacity to work for any continuous 12 month period commencing on or before September 30, 2020. See Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert. denied, 475 U.S. 1025 (1986) (claimant must prove impairments prevented work for 12 continuous months); see also Flaten v. Sec'y of Health and Human Serv., 44 F.3d 1453, 1458 (9th Cir. 1995) (where claimants apply for benefits after the expiration of their insured status based on a current disability, the claimants "must show that the current disability has existed continuously since some time on or before the date their insured status lapsed").

///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

1          Significantly, no physician opined that Plaintiff was ever
2    totally disabled during the relevant time period.  See Matthews v.
3    Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the
4    Administration's decision, the Court emphasized: "None of the doctors
5    who examined [claimant] expressed the opinion that he was totally
6    disabled" or "implied that [claimant] was precluded from all work
7    activity") (emphasis original); accord Curry v. Sullivan, 925 F.2d
8    1127, 1130 n.1 (9th Cir. 1990).  Notably, in August of 2020, Plaintiff
9    indicated to her treatment provider that Plaintiff was "doing social
10   security disability" and Plaintiff specifically requested the
11   assistance of a doctor (Dr. Young) to "start her disability now" (A.R.
12   292).  Yet, neither Dr. Young nor any other physician ever opined that
13   Plaintiff was then disabled.

15        In late 2020 and early 2021, two state agency physicians examined
16   the available medical record and opined that Plaintiff retained an
17   even greater residual functional capacity than that found by the ALJ
18   (A.R. 76-82, 88-94).  These opinions furnish substantial evidence to
19   support the conclusion Plaintiff could work.  See Tonapetyan v.
20   Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (opinion of non-examining
21   physician "may constitute substantial evidence when it is consistent
22   with other independent evidence in the record"); Andrews v. Shalala,
23   53 F.3d 1035, 1041 (9th Cir. 1995) (where the opinions of non-
24   examining physicians do not contradict "all other evidence in the
25   record," such opinions may furnish substantial evidence); Russell v.
26   Bowen, 856 F.2d 81, 83 (9th Cir. 1988) ("It is not necessary to agree
27   with everything an expert witness says in order to hold that his
28   testimony contains substantial evidence") (quotations omitted); see

also Bullock v. Comm'r, 2022 WL 4538576, at *25 (D. Ariz. Aug. 18, 2022), report and recommendation adopted, 2022 WL 4535241 (D. Ariz. Sept. 28, 2022) (finding no material error where ALJ's residual functional capacity assessment included greater limitations than those found by the only medical opinions in the record; there was no medical source opinion to the contrary).

Plaintiff speculates that these state agency review physicians abdicated their responsibilities, failed to render independent medical opinions and instead merely deferred to an ALJ's decision in a prior administrative proceeding.[2] No record evidence supports Plaintiff's unlikely speculation. To the contrary, the record reflects that the state agency physicians reviewed the "file," which included medical records post-dating the prior administrative decision (A.R. 76-78).

Plaintiff also argues that the existence of medical records dated after the state agency physicians' review should have precluded the ALJ's reliance on those opinions. The Ninth Circuit repeatedly has rejected such an argument. See, e.g., Owen v. Saul, 808 Fed. App'x 421, 423 (9th Cir. 2020); Meadows v. Saul, 807 Fed. App'x 643, 647 (9th Cir. 2020); see also Elsey v. Saul, 782 Fed. App'x 636, 637 (9th Cir. 2019).

Plaintiff also appears to argue that the ALJ should have developed the record more fully (Joint Submission, p. 19). "Full"

---

[2] In the present administrative proceeding, the ALJ expressly stated that the prior administrative proceeding was not reopened (A.R. 18).

6

development of an administrative record nearly always involves a matter of degree. One plausibly may argue in virtually every case that additional investigation or inquiry might have been useful. Under the circumstances of the present case, however, this Court is unable to conclude the ALJ failed to discharge the ALJ's obligation fully and fairly to develop the record.

Even if the Court were to assume, <u>arguendo</u>, some error in record development, the result would be the same. Plaintiff has failed to demonstrate any harm resulting from the ALJ's asserted failure further to develop the record.

The vocational expert testified that a person with the residual functional capacity the ALJ found to have existed could perform jobs existing in significant numbers in the national economy (A.R. 48-50). The ALJ properly relied on this testimony in finding Plaintiff not disabled (A.R. 29-30). <u>See</u> <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1435-36 (9th Cir. 1995); <u>Barker v. Sec'y</u>, 882 F.2d 1474, 1478-80 (9th Cir. 1989); <u>Martinez v. Heckler</u>, 807 F.2d 771, 775 (9th Cir. 1986).

To the extent the record evidence may be conflicting, the ALJ properly resolved the conflicts. <u>See</u> <u>Treichler v. Comm'r</u>, 775 F.3d 1090, 1098 (9th Cir. 2014) (court "leaves it to the ALJ" to resolve conflicts and ambiguities in the record). The Court must uphold the administrative decision when the evidence "is susceptible to more than one rational interpretation." <u>Andrews v. Shalala</u>, 53 F.3d at 1039-40. The Court will uphold the ALJ's rational interpretation of the evidence in the present case notwithstanding any conflicts in the

record.[3]

## II. The ALJ Did Not Materially Err in Discounting Plaintiff's Subjective Complaints.

Plaintiff testified to pain and other symptomatology of allegedly disabling severity (A.R. 43-45). According to Plaintiff, her feet burn constantly, she needs to use a cane, she cannot walk as far as one block and she cannot even grip or grab objects (id.). In determining Plaintiff's residual functional capacity, the ALJ discounted these subjective complaints.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where, as here, an ALJ finds that a claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by "specific, cogent" findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must state "specific, clear and convincing"

---

[3] Contrary to Plaintiff's argument, the ALJ did not materially err in relation to the ALJ's consideration of medical evidence that was unavailable to the state agency review physicians. Cf. Farlow v. Kijakazi, 53 F.4th 485, 488 (2022) (the regulations presume that "ALJ's are, at some level, capable of independently reviewing and forming conclusions about medical evidence. . . .").

reasons to reject a claimant's testimony where there is no evidence of malingering).[4] Generalized, conclusory findings do not suffice. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); see also SSR 96-7p (explaining how to assess a claimant's credibility), superseded, SSR 16-3p (eff. March 28, 2016).[5]

In the present case, the ALJ discounted Plaintiff's subjective complaints based on: (1) the objective medical evidence; (2) inconsistencies between Plaintiff's complaints and observations noted in the medical records; and (3) the conservative nature of

---

[4] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Smartt v. Kijakazi, 53 F.4th 489, 497 (9th Cir. 2022); Leon v. Berryhill, 880 F.3d 1041, 1046 (9th Cir. 2017); Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Comm'r, 775 F.3d 1090, 1102 (9th Cir. 2014); Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In Ahearn v. Saul, 988 F.3d 1111, 1116 (9th Cir. 2021), the Ninth Circuit appeared to apply both the "specific, cogent" standard and the "clear and convincing" standard. In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

[5] The appropriate analysis under the superseding SSR is substantially the same as the analysis under the superseded SSR. See R.P. v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016) (stating that SSR 16-3p "implemented a change in diction rather than substance") (citations omitted); see also Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that SSR 16-3p "makes clear what our precedent already required").

9

Plaintiff's treatment during the relevant time period (A.R. 24-28).

An ALJ permissibly may rely in part on a lack of supporting objective medical evidence in discounting a claimant's allegations of disabling symptomatology. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider in his [or her] credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (same); see also Smartt v. Kijakazi, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony"); Carmickle v. Comm'r, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony"); SSR 16–3p ("[O]bjective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms, including the effects those symptoms may have on the ability to perform work-related activities . . ."). In the present case, the ALJ reasonably observed that the objective medical evidence, including examinations, testing, and medical opinions, were not consistent with Plaintiff's subjective complaints (A.R. 25-28).

The ALJ also properly could rely on inconsistencies between Plaintiff's subjective complaints and observations reported on medical examinations of Plaintiff. Treatment records during the relevant time period reflect predominantly unremarkable examinations, and those records sometimes reported that Plaintiff's posture, gait and range of

10

motion were normal (A.R. 294-95, 468, 473). Again, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." Carmickle v. Comm'r, 533 F.3d at 1161.

The ALJ also relied on the conservative nature of Plaintiff's treatment. The conservative nature of a claimant's treatment properly may factor into the evaluation of the claimant's subjective complaints. See Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008); Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001). In assessing a claimant's credibility, an ALJ also properly may rely on a claimant's failure to follow a prescribed course of treatment. See Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012), superseded by regulation on other grounds as stated in Sisk v. Saul, 820 Fed. App'x 604, 606 (9th Cir. 2020). Here, the record reflects conservative treatment during the relevant time period, often characterized by an absence of any pain medication (A.R. 292, 294-95, 297, 427, 436, 467, 470, 472, 476). Indeed, in the "Joint Submission," Plaintiff appears to concede that Plaintiff's treatment was conservative until after the expiration of her insured status ("Joint Submission," p. 29).

Thus, the Court concludes that the ALJ discounted Plaintiff's credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d at 885. The Court therefore defers to the ALJ's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility

determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Sec'y of Health & Human Serv., 44 F.3d 1453, 1464 (9th Cir. 1995).[6]

**CONCLUSION**

For all of the foregoing reasons,[7] judgment shall be entered in favor of Defendant and the action shall be dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 18, 2023.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court should not and does not determine the credibility of Plaintiff's testimony concerning her subjective symptomatology. Absent legal error, it is for the Administration, and not this Court, to do so. See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

[7] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).